30 F.3d 117
 James BLACKSTON; Bradley Barber, Plaintiffs-Appellants,
v.
STATE OF ALABAMA; Sonny Hornsby, Chief Justice,
individually and in his official capacity as Chief Justice,
Supreme Court of Alabama; Richard Dorrough, Circuit Judge,
individually and in his official capacity as Chairman,
Advisory Committee on Child Support Guidelines and
Enforcement; Oliver Gilmore, individually and in his
official capacity as Director, Administrative Office of
Courts; Charles Cleveland, individually and in his official
capacity as Commissioner, Alabama Department of Human
Resources, Defendants-Appellees.
 No. 93-6573.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 31, 1994.
 
 James R. Blackston, Jasper, AL, Bradley Barber, Gardendale, AL, pro se.
 Mary Elizabeth Culberson, Asst. Atty. Gen., Montgomery, AL, for Sonny Hornsby, Richard Dorrough, Oliver Gilmore.
 Lois N. Brasfield, Stephen K. Simpson, State Dept. of Human Resources, Montgomery, AL, for Charles Cleveland.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before COX, Circuit Judge, MORGAN, Senior Circuit Judge, and COLLIER*, District Judge.
 PER CURIAM:
 
 I. Background
 
 1
 In April 1993, plaintiffs James Blackston and Bradley Barber filed a pro se complaint against defendants State of Alabama, Alabama Supreme Court Chief Justice Sonny Hornsby, State Circuit Judge Richard Dorrough, Administrative Director of Courts Oliver Gilmore, and Commissioner of the Alabama Department of Human Resources Charles Cleveland. The defendants other than the State are sued in their individual and official capacities. The complaint asserts various civil rights claims arising from the March 1993 meeting of the Alabama Supreme Court Advisory Committee on Child Support Guidelines ("the Committee"). The Committee serves at the pleasure of Chief Justice Hornsby, and Judge Dorrough was its chairman at the time of the 1993 meeting. Oliver Gilmore, as Administrative Director of Courts, is charged with reviewing Alabama's child support guidelines every four years, see Ala.R.Jud.Admin. 32(G), and Charles Cleveland, as Commissioner of the Department of Human Resources, is responsible for enforcing the Child Support Guidelines.
 
 
 2
 The district court read the plaintiffs' pro se complaint to allege the following five violations of federal law:
 
 1. Freedom of Speech
 
 3
 Because they missed an opportunity to speak at a public meeting in Montgomery of the Alabama Supreme Court Advisory Committee on Child Support Guidelines and Child Support Enforcement on March 15, 1993 [plaintiffs attributed their absence to inclement weather], and because Committee Chairman Richard Dorrough disallowed them the 'right' to tape record an Advisory Committee meeting on March 16, 1993, plaintiffs claim that they were denied freedom of speech.
 
 2. Equal Protection
 
 4
 Plaintiffs claim that their right to equal protection has been violated by the State of Alabama which 'has exposed non-custodial fathers, but not mothers, to economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility.'
 
 3. Due Process
 
 5
 Plaintiffs, who are proceeding pro se in this action, maintain that their right to due process of law is denied by the courts of Alabama which 'deny pro se litigants their day in court by construing their pleadings with technicalities comparable to professional attorneys.'
 
 4. Violation of 42 U.S.C. Sec. 667
 
 6
 Plaintiffs allege that defendants violated 42 U.S.C. Sec. 667 by holding 'secret' meetings which deprive non-custodial fathers equal participation in shaping the Alabama Child Support Guidelines.
 
 5. Conspiracy
 
 7
 By eliminating non-custodial fathers from the Child Support Advisory Committee, plaintiffs contend that defendants conspired to deny them their equal protection and due process rights.
 
 
 8
 R. 1-26 at 2-3 (footnote omitted). The complaint also includes seven pendent state claims. As relief, the plaintiffs seek compensatory and punitive damages, attorney's fees, and far-reaching declaratory and injunctive relief with respect to the membership and operation of the Committee.
 
 
 9
 The district court concluded that 42 U.S.C. Sec. 667 (1988) did not create a right enforceable by the plaintiffs in federal court and that the conspiracy claim likewise was not cognizable. Furthermore, the court stated that it was "not empowered to fashion relief merely because plaintiffs ... are able to disguise their displeasure with the Committee's operation in the form of first amendment, equal protection, and due process violations." R. 1-26 at 4. Accordingly, the district court dismissed the plaintiffs' complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim.II. Standard of Review
 
 
 10
 Dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). At this stage of the proceedings, we must accept the plaintiffs' allegations as true. Id.
 
 III. Discussion
 
 11
 We agree that the plaintiffs have failed to state a claim except with respect to the claim that they were deprived of their right to free speech by the Committee's attempt to prohibit them from tape recording the March 16, 1993 meeting.[1] Although the parties dispute whether the Committee was subject to Alabama's open meetings or "sunshine" law, Ala.Code Sec. 13A-14-2 (1982), we must at this stage accept the allegation in the complaint that the March 16 meeting was a public meeting subject to this law.
 
 
 12
 Judge Dorrough did not deny the plaintiffs access to the Committee meeting and its deliberations, and did not prohibit them from communicating what they observed to others. However, his attempt to prohibit them from recording the proceedings did have some impact on how they were able to obtain access to and present information about the Committee and its proceedings. Thus, Judge Dorrough's actions touched on expressive conduct protected by the Free Speech Clause of the First Amendment. See Texas v. Johnson, 491 U.S. 397, 404, 109 S.Ct. 2533, 2539, 105 L.Ed.2d 342 (1989); Spence v. Washington, 418 U.S. 405, 409-10, 94 S.Ct. 2727, 2730, 41 L.Ed.2d 842 (1974); Thompson v. City of Clio, 765 F.Supp. 1066, 1070 (M.D.Ala.1991) (proscription of tape recording city council meeting "regulates conduct protected by the first amendment").
 
 
 13
 While there is scant authority on the subject, Judge Dorrough's actions may be regarded as a "time, place, and manner" restriction on expressive conduct. See United States v. Yonkers Bd. of Educ., 747 F.2d 111, 114 (2d Cir.1984) (construing rule prohibiting reporter from tape recording civil trial as a "time, place, and manner" restriction); Thompson, 765 F.Supp. at 1070 (construing ban on tape recording city council meeting as a "time, place, or manner" restriction.) A "content-neutral" restriction of this type is permissible only if it is supported by a substantial government interest and does not unreasonably limit alternative avenues of communication. City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 47, 106 S.Ct. 925, 928, 89 L.Ed.2d 29 (1986); see Yonkers Bd. of Educ., 747 F.2d at 114 (upholding content-neutral court rule prohibiting tape recording of civil trials).
 
 
 14
 Moreover, accepting the plaintiffs' allegations as true, as we must at this stage, it appears that Judge Dorrough's prohibition of tape recording may not have been "content-neutral." According to the plaintiffs, the prohibition was directed at them because they were non-custodial fathers who were unhappy with the Committee. "[R]egulations enacted for the purpose of restraining speech on the basis of its content presumptively violate the First Amendment." City of Renton, 475 U.S. at 46-47, 106 S.Ct. at 928. If the plaintiffs were to prove that Judge Dorrough's ban on tape recording was "affected by sympathy or hostility for the point of view being expressed by the communicator," Young v. American Mini Theatres, Inc., 427 U.S. 50, 67, 96 S.Ct. 2440, 2451, 49 L.Ed.2d 310 (1976), it would be subject to strict scrutiny. In that case, the ban would be invalid unless it were narrowly tailored to serve a compelling state interest. See Thompson, 765 F.Supp. at 1072 (content-based and viewpoint-based ban on tape recording of city council meeting subject to strict scrutiny).
 
 
 15
 For the purposes of Fed.R.Civ.P. 12(b)(6), the plaintiffs have stated a claim under 42 U.S.C. Sec. 1983 (1988) with respect to their allegations concerning the tape recording of the Committee meeting because it is not "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon, 467 U.S. at 73, 104 S.Ct. at 2232. However, these allegations in the complaint only implicate defendant Dorrough.[2]
 
 IV. Conclusion
 
 16
 For the reasons stated above, the judgment of the district court is reversed with respect to the free speech (tape recording) claim against defendant Dorrough individually and in his official capacity. The district court's dismissal of the action as to all other defendants is affirmed pursuant to 11th Cir.R. 36-1.
 
 
 17
 AFFIRMED in part; REVERSED in part.
 
 
 
 *
 Honorable Lacey Alexander Collier, U.S. District Judge for the Northern District of Florida, sitting by designation
 
 
 [1]
 Although it appears that the plaintiffs disobeyed Judge Dorrough's directive and recorded the Committee's meeting anyway, their claim is not moot because this situation is "capable of repetition, yet evading review." Southern Pac. Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); see Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (per curiam) (stating requirements for a case to be "capable of repetition, yet evading review"); Naturist Soc'y, Inc. v. Fillyaw, 958 F.2d 1515, 1520 (11th Cir.1992)
 
 
 [2]
 The parties have not presented in this appeal any issues concerning immunity or qualified immunity