Robin D. McCOY, Plaintiff,

v.

JOHNSON CONTROLS WORLD SERVICES, INC., Defendant.

Civ. A. No. 294–155.

United States District Court, S.D. Georgia, Brunswick Division.

March 10, 1995.

Roy Jerome Boyd, Jr., Brunswick, Stephen M. Katz, Atlanta, for plaintiff.

Donna Linn Crossland, Brunswick, Kevin E. Hyde, Guy O. Farmer, II, Amy W. Littrell, Jacksonville, FL, Elizabeth Black, Kingsland, Marjorie Ivey, c/o Johnson Controls World Services, Inc., Kings Bay, for defendant.

### ORDER

ALAIMO, District Judge.

In this action, Plaintiff, Robin D. McCoy ("McCoy"), a white female, claims that Johnson Controls World Services, Inc. ("Johnson Controls"), discriminated against her because of her sex and race in violation of Title VII of The Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. McCoy also brings several pendant state law claims.

McCoy alleges that during her employment as a security guard for Johnson Con-

trols, two black female co-workers sexually and racially harassed her. Before the Court is Johnson Controls' Motion to Dismiss McCoy's sexual harassment claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Johnson Controls contends that sexual harassment between persons of the same gender is not actionable under Title VII or 42 U.S.C. § 1981. For the reasons stated below, Johnson Controls' motion will be **GRANTED** in part and **DENIED** in part.

## FACTS

McCoy's complaint alleges the following facts: Robin McCoy began working as a security guard for Johnson Controls in October of 1988. She was assigned to the security force of Kings Bay Project, Kings Bay, Georgia. According to McCoy, two black female employees, Elizabeth Black ("Black") and Marjorie Ivey ("Ivey"), sexually and racially harassed her. On one occasion, Ivey approached McCoy and rubbed her breasts against McCoy's chest. McCoy reported the incident to Lt. Emery Andrews who told McCoy that he had heard similar complaints about Ivey from other female employees. On another occasion, McCoy was alone on duty at a guard house when Ivey attacked McCoy and began rubbing McCoy between her legs. Ivey also forced her tongue into McCoy's mouth. McCoy reported this incident to her supervisor, Lt. Roger Jenkins.

As a matter of routine, Black would refer to McCoy as "stupid poor white trash" or "stupid poor white bitch." Black also told McCoy that "we have always been able to make white bitches like you quit, you're one stubborn stupid bitch ... we are going to make you quit this job." McCoy reported several of these incidents to her superiors, but no actions were taken. Instead, McCoy and Black were continuously assigned to the same car.

## DISCUSSION

### I. Motion To Dismiss For Failure To State A Claim

■ Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) attacks the legal sufficiency of the complaint. In essence, the movant says, "Even if everything you allege is true, the law affords you no relief." Consequently, in determining the merits of a 12(b)(6) motion, a court must assume that all of the factual allegations of the complaint are true. *Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994). The court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Blackston v. State of Alabama,* 30 F.3d 117, 119 (11th Cir.1994) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984)).

### II. Homosexual Harassment Under Title VII

Fairly read, McCoy's complaint alleges hostile environment sexual harassment in violation of Title VII. Johnson Controls contends that homosexual or same gender harassment is not actionable under Title VII, 42 U.S.C. § 2000e–2.

The Fifth Circuit is the only circuit which has addressed this issue in a published opinion. In *Garcia v. ELF Atochem North America,* 28 F.3d 446 (5th Cir.1994), the court stated that "harassment by a male supervisor against a male subordinate does not state a claim under Title VII even though the harassment has sexual overtones. Title VII addresses gender discrimination." *Garcia,* 28 F.3d at 451–452 (citing *Goluszek v. Smith,* 697 F.Supp. 1452, 1456 (N.D.Ill. 1988)). Since *Garcia,* two district courts outside of the Fifth circuit have followed its holding. *Hopkins v. Baltimore Gas & Elec. Co.,* 871 F.Supp. 822 (D.Md.1994); *Vandeventer v. Wabash Nat. Corp.,* 867 F.Supp. 790 (N.D.Ind.1994). Johnson Controls urges the Court to do likewise.

■ McCoy, in contrast, argues that the Court should follow *Joyner v. AAA Cooper Transp.,* 597 F.Supp. 537 (M.D.Ala.1983), *aff'd without published opinion,* 749 F.2d 732 (11th Cir.1984). In *Joyner,* the court held that "unwelcomed *homosexual* harassment

also states a violation of Title VII." *Joyner,* 597 F.Supp. at 541. For the reasons stated below, the Court follows *Joyner* in holding that homosexual harassment can violate Title VII.

Title VII of The Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* prohibits discrimination in the workplace on the basis of sex:

It shall be an unlawful employment practice for an employer to ... discriminate against any individual ... because of such individual's ... sex....

42 U.S.C. § 2000e–2.

■ In 1986, the Supreme Court interpreted this statute to prohibit sexual harassment in the workplace. *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). According to the Supreme Court, "a plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive working environment." *Id.* at 66, 106 S.Ct. at 2405. The Court also noted that "unwelcome sexual advances that create an offensive or hostile working environment violate Title VII." *Id.* at 64, 106 S.Ct. at 2404. "The gravamen of any sexual harassment claim is that the alleged sexual advances were 'unwelcome.'" *Id.* at 68, 106 S.Ct. at 2406 (quoting 29 C.F.R. § 1604.11(a) (1985)). To be sure, sexual advances can be "unwelcome" regardless of the harasser's gender.

Indeed, while *Vinson* did not directly address homosexual harassment, nothing in the Court's reasoning suggests that Title VII is limited to heterosexual harassment. Also, the plain language of 42 U.S.C. § 2000e–2 does not limit Title VII to heterosexual harassment. *See Rake v. Wade,* ––– U.S. –––, –––, 113 S.Ct. 2187, 2192, 124 L.Ed.2d 424, 433 (1993) ("Where the statutory language is clear, our sole function is to enforce it according to its terms."); *Reves v. Ernst & Young,* ––– U.S. –––, 113 S.Ct. 1163, 122 L.Ed.2d 525, 535 (1993).

■ Furthermore, merely because McCoy was harassed by a woman instead of a man will not prevent her from establishing a *prima facie* case of sexual harassment under *Henson v. Dundee,* 682 F.2d 897 (11th Cir. 1982). Under *Henson,* McCoy must estab-

lish (1) that she is member of a protected group, (2) that she was subjected to unwelcome sexual harassment, (3) that the harassment was "based upon sex," and (4) the harassment complained of affected a "term, condition, or privilege" of employment. *Id.* at 903.

■ The first element merely "requires a simple stipulation that the employee is a man or a woman." *Id.* As to the third element, McCoy must establish that the harassment was "based upon sex" by showing that "but for the fact of her sex, she would not have been the object of harassment." *Id.* In proving this element, McCoy must show that her harasser "did not treat male employees in a similar fashion." *Henson,* 682 F.2d at 903. Under this analysis, McCoy can establish that the harassment was "based upon sex" by showing that her harasser only harassed women and, thus, did not treat men in a similar fashion.

■ Indeed, under *Henson,* sexual harassment of any kind is in fact "based upon sex" and is considered sexual discrimination, except where the harasser is *bisexual* and subjects men and women to the same treatment: "Except in the exceedingly atypical case of a bisexual supervisor, it should be clear that *sexual harassment is discrimination based upon sex.*" *Id.* at 905 n. 11 (emphasis added). *See also Bundy v. Jackson,* 641 F.2d 934, 942 n. 7 (D.C.Cir.1981) ("Only by a *reductio ad absurdum* could we imagine a case of harassment that is not sex discrimination—where a bisexual supervisor harasses men and women alike."). Stated another way, where an employee "makes sexual overtures to workers of both sexes, ... the sexual harassment would not be based upon sex because men and women are accorded like treatment." *Henson,* 682 F.2d at 903.

■ Johnson Controls has not suggested that McCoy's harasser also harassed male employees. Accordingly, Johnson Controls' motion to dismiss will be denied.

### III. *Sexual Harassment Under 42 U.S.C. § 1981*

■ It is well established that sexual harassment is not actionable under 42 U.S.C.

§ 1981. *Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 2592–93, 49 L.Ed.2d 415 (1976). If McCoy intended to bring a claim for sexual harassment under 42 U.S.C. § 1981, such claim is dismissed.

## IV. *Pendant State Law Claims*

McCoy alleges pendant state law claims of (1) intentional infliction of emotional distress, (2) battery, (3) invasion of privacy, (4) ratification of Ivey's and Black's actions, and (5) negligent hiring and retention. On December 16, 1994, the Court dismissed McCoy's federal claims against the individual defendants, Ivey and Black. The Court also dismissed any pendant state law claims with respect to them. *See,* Order, December 16, 1994 (Dkt. # 19). Johnson Controls does not challenge McCoy's remaining state law claims of ratification and negligent hiring and retention. Accordingly, these claims will proceed. 28 U.S.C. § 1367.

## CONCLUSION

Johnson Controls' Motion to Dismiss (Dkt. # 22) is **DENIED** as to McCoy's sexual harassment claim under Title VII. Johnson Controls' Motion to Dismiss (Dkt. # 22) is **GRANTED** as to any sexual harassment claim under 42 U.S.C. § 1981. Johnson Controls' Motion for Oral Argument (Dkt. # 30) is **DENIED.**

SO ORDERED.