**FOTOTEC INTERNATIONAL CORPORATION,**
Plaintiff,

v.

**POLAROID CORPORATION, Defendant.**

Civ. A. No. 1:94–CV–821–FMH.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 24, 1995.

---

Robert Kennedy, Carl Davis, Dorian Kennedy, and Michael Powell, Atlanta, GA, for plaintiff.

Bruce Baber, John Herman, Atlanta, GA, Kevin Culligan, New York City, and Edward Mullowney, Palo Alto, CA, for defendant.

## ORDER

HULL, District Judge.

This patent infringement action is before the Court on Plaintiff's Motion for Leave to Amend the Complaint [26–1].

## I. PLAINTIFF MOTION FOR LEAVE TO AMEND THE COMPLAINT

On March 28, 1994, Plaintiff filed this patent infringement action. In its original Complaint, Plaintiff alleged that Defendant had infringed upon certain patented photographic technology belonging to Plaintiff. Seven months later, Plaintiff filed a Motion for Leave to Amend the Complaint, seeking to

add the following two new counts under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68; (a) Count Four for violation of RICO Section 1962(b), and (b) Count Five for violation of RICO Section 1962(c). Both of Plaintiff's RICO claims are based upon allegations surrounding Defendant's procurement of two patents that allegedly infringe upon Plaintiff's patent.

Defendant objects to Plaintiff's Motion for Leave to Amend on procedural and substantive grounds. The Court addresses Defendant's procedural objection first.

## A. PLAINTIFF'S MOTION FOR LEAVE TO AMEND IS FILED UNTIMELY

■ Defendant objects to Plaintiff's Motion to Amend as filed untimely both under the language in the Preliminary Statement and Scheduling Order, as well as the Local Rules for this Court. Local Rule 220–1 requires that all motions to amend a complaint "must be filed WITHIN 30 DAYS after the Preliminary Statement is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later." LR 220–1(a)(2) NDGa.[1] In their Preliminary Statement, the parties expressly agreed to file any motions, including motions to amend the pleadings, within the thirty days of the filing of the Preliminary Statement. (See Joint Preliminary Statement and Scheduling Order [12–1], 8–9).

Here, the Preliminary Statement was filed on June 17, 1994. Thus, any motion to amend the complaint was due thirty days later, i.e. July 18, 1994.[2] Plaintiff's Motion for Leave to Amend was not filed until October 25, 1994, and is thus untimely.

In addition, Plaintiff has not obtained prior permission of the Court to file a motion to amend outside of the time limit set in the Preliminary Statement and Local Rule 220–1.

The Local Rules permit a party to file a motion more than thirty days after the Preliminary Statement is filed if "the filing party has obtained prior permission of the Court to file later." See LR 220–1(a)(2) NDGa. Thus, where a party seeks to file a motion after the thirty day time period has expired, that party first must obtain the permission of the Court to file its motion. See Id.

In this case, the Court finds that Plaintiff failed to seek leave of the Court prior to filing its Motion for Leave to Amend the Complaint. The text of Plaintiff's Motion reveals that Plaintiff has moved pursuant to Federal Rule of Civil Procedure 15(a) for leave to amend the Complaint, and has not sought leave of the Court to file its Rule 15(a) Motion. (See Plaintiff's Motion for Leave to Amend the Complaint [26–1]). Therefore, the Court denies Plaintiff's Motion for Leave to Amend as untimely and not in compliance with the Local Rules. See, e.g., O'Brien v. Union Oil Co. of California, 699 F.Supp. 1562, 1571 (N.D.Ga.1988).

Additionally, assuming that the Court interprets Plaintiff's Motion for Leave to Amend as seeking leave to file a Motion to Amend, as well as moving to file an Amended Complaint, the Court denies Plaintiff's motion for leave to file a Motion to Amend. Plaintiff waited until seven months after it filed its Complaint, and over four months after the Preliminary Statement was filed before Plaintiff filed its Motion for Leave to Amend the Complaint. See LR 220–1(a)(2) NDGa.

Alternatively, even assuming arguendo, (1) that the Court treated Plaintiff's Motion for Leave to Amend as including a request for leave to file a motion to amend, and (2) that the Court granted Plaintiff leave to file its motion to amend, the Court finds that Counts Four and Five of Plaintiff's proposed Motion to Amend fail to state a claim, as outlined below.

---

1. Local Rule 220–1 requires all motions, except for those that are designated in later sections, to be filed within thirty days of the filing of the Preliminary Statement. LR 220–1(a)(2). Motions to amend are not among the motions whose specific filing times are listed in later sections. Therefore, motions to amend are subject to the thirty day filing time of Local Rule 220–1.

2. Even if the Court were to measure the applicable time for filing additional motion from the date the Court approved the Joint Preliminary Statement, which the rule does not require, Plaintiff's Motion to Amend would be untimely. On July 5, 1994, the Court approved the Joint Preliminary Statement. Thirty days from July 5, 1994 was August 4, 1994.

**B. *COUNTS FOUR AND FIVE OF PLAINTIFF'S PROPOSED AMENDED COMPLAINT FAIL TO STATE A CLAIM***

As detailed previously, Plaintiff proposes to add two RICO claims to this action; Count Four alleges a violation of RICO Section 1962(b) and Count Five alleges a violation of RICO Section 1962(c). The courts of this circuit follow a liberal practice of permitting amendments to pleadings. *Motorcity of Jacksonville, Ltd. v. Southeast Bank*, 39 F.3d 292, 297 (11th Cir.1994). However, where "a complaint as amended is still subject to dismissal," then the amendment is futile and leave to amend should be denied. *Halliburton & Associates v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir.1985).[3] The Court finds that Plaintiff fails to state a claim under either Section 1962(b) or (c), and thus, Plaintiff's Motion for Leave to Amend is denied as futile.

**1. *Counts Four and Five Fail to Allege A Pattern of Racketeering Activity***

■ Counts Four and Five of Plaintiff's proposed Amended Complaint fail to allege a pattern of racketeering activity, and thus, are subject to dismissal for failure to state a claim. Section 1962(b) and Section 1962(c) of RICO both require a showing that the defendant engaged in a "pattern of racketeering activity."[4] To satisfy RICO's "pattern of racketeering activity" requirement, Plaintiff must allege (1) that Defendant committed two or more federal criminal offenses, often referred to as "predicate acts," within a ten year time span,[5] (2) that those predicate acts are related to one another, and (3) that those predicate acts demonstrate a continuing nature of criminal conduct. *See, e.g., H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239–43, 109 S.Ct. 2893, 2900–2903, 106 L.Ed.2d 195 (1989); *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496–97, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); *Jones v. Childers*, 18 F.3d 899, 910–11 (11th Cir.1994).[6] As discussed below, this third element, requiring a continuing nature of criminal conduct, is missing from Plaintiff's proposed Counts Four and Five. A recitation of Plaintiff's allegations in the proposed Amended Complaint is first necessary to understand this deficiency.

Here, Plaintiff alleges that Defendant engaged in three separate predicate acts. According to Counts Four and Five of the proposed Amended Complaint, Plaintiff is the owner of United States Patent Number

---

3. Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim is proper " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir.1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). When considering a motion to dismiss under Rule 12(b)(6), the Complaint is to be construed in the light most favorable to the Plaintiff, and the allegations therein accepted as true. *Blackston*, 30 F.3d at 120; *Cannon v. Macon County*, 1 F.3d 1558, 1565 (11th Cir. 1993).

4. Section 1962(b) makes it a crime "for any person through *a pattern of racketeering activity* ... to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(b) (emphasis added). Section 1962(c) makes it illegal "for any person employed by or associated with any enterprise ... to conduct or participate ... in the conduct of such enterprise's affairs through *a pattern of racketeering activity* ...." 18 U.S.C. § 1962(c) (emphasis added).

5. Section 1961 of RICO defines a "pattern of racketeering activity" as "at least two acts of racketeering activity," the first which occurred after the act became effective and the second within ten years of the first. 18 U.S.C. § 1961(5). In turn, "racketeering activity" is defined as the commission of any of an enumerated list of federal crimes, 18 U.S.C. § 1961(1), which are called "predicate offenses." *Jones v. Childers*, 18 F.3d 899, 910 (11th Cir.1994). At least two predicate offenses are necessary for a "pattern of racketeering activity," however, two predicate offenses are not enough, by themselves, to meet the pattern of racketeering activity test. *See Id.* Rather, the predicate offenses also must satisfy the relationship plus continuity test. *See infra* text 6–9.

6. The second and third prongs above, relationship of the predicate acts and continuing nature of the criminal conduct, comprise the so-called relationship plus continuity test. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239–43, 109 S.Ct. 2893, 2900–2903, 106 L.Ed.2d 195 (1989).

4,896,176 (the "'176 Patent"). Plaintiff alleges that during the prosecution of two applications that eventually became United States Patent Numbers 5,249,008 (the "'008 Patent") and 5,262,808 (the "'808 Patent"), Defendant failed to reveal the existence of Plaintiff's '176 patent as material prior art to the United States Patent and Trademark Office (the "PTO"). Plaintiff alleges that from December, 1991 to June, Defendant's patent counsel used the United States mail to file fraudulent applications with the PTO on three separate occasions. According to Plaintiff, Defendant's failure to reveal the existence of the '176 Patent constitutes three violations of 18 U.S.C. § 1341, the mail fraud statute, and these acts of mail fraud provide the necessary predicate acts to support the "pattern of racketeering activity," element of RICO.

Specifically, Plaintiff alleges that the first act of mail fraud occurred on December 5, 1991, when Defendant's patent counsel sent an application for United States Patent Number 5,262,808 (the "'808 Patent") to the PTO. Plaintiff alleges that Defendant committed fraud upon the PTO by not disclosing material prior art in the application, namely the '176 Patent.

Plaintiff alleges that the second act of mail fraud occurred on February 4, 1992 when Defendant's patent counsel filed an amendment to the '808 application, in which he again did not reveal the existence of Plaintiff's allegedly material prior art patent. Apparently, the February 4th amendment was sent after the PTO rejected some of the claims in the original '808 application.

The third and final act of mail fraud alleged by Plaintiff occurred on June 15, 1992 when Defendant filed a patent application for the 5,249,008 (the "'008 Patent"). Again, Plaintiff claims that Defendant's patent counsel did not reveal the existence of Plaintiff's '176 patent as material prior art. The above three incidents form the basis of Plaintiff's allegation that Defendant engaged in a pattern of racketeering activity. Defendant argues that even assuming that the above incidents constitute mail fraud, a fact that Defendant does not concede, they are not enough to establish a pattern of racketeering activity.

Before discussing the deficiencies in Plaintiff's factual allegations, the Court will review briefly what constitutes a pattern of racketeering activity, with emphasis on the continuity requirement. As discussed earlier, to show a pattern of racketeering activity Plaintiff must allege two or more predicate offenses and satisfy the relationship plus continuity test. Although both relatedness and continuity are important factors, the Court's focus here is upon the continuity prong of that test.

The importance of continuity was emphasized by the Supreme Court in *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). In that decision, the Supreme Court examined the relationship plus continuity test, and discussed how both elements of this test is necessary to show a "pattern of racketeering activity." 492 U.S. 229, 238–49, 109 S.Ct. 2893, 2900–2906 (1989). In reviewing the legislative history of RICO, the *H.J. Inc.* Court found that to prove a pattern of racketeering activity, a plaintiff "must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc.,* 492 U.S. at 239, 109 S.Ct. at 2900; *see also Jones v. Childers,* 18 F.3d 899, 911 (11th Cir.1994). To show the necessary relatedness between the predicate offenses, a plaintiff must show that the predicate offenses " 'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.' " *H.J. Inc.,* 492 U.S. at 240, 109 S.Ct. at 2901 (quoting 18 U.S.C. § 3575(e)). However, relatedness is not enough; Plaintiff must also show continuity.

In explaining continuity, the Supreme Court focused upon Congress's concern with long-term criminal conduct and found that continuity can be shown through either (1) repeated acts over a closed period of time, or (2) acts that threaten future criminal conduct, as follows:

> 'Continuity' is both a closed- and open-ended concept, referring either to a closed

period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition. It is, in either case, centrally a temporal concept- and particularly so in the RICO concept, where *what* must be continuous, RICO's predicate acts or offenses, and the *relationship* these predicates must bear one to another, are distinct requirements. A party alleging a RICO violation ·may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned with long-term criminal conduct. Often a RICO action will be brought before continuity can be established in this way. In such cases, liability depends on whether the *threat* of continuity is demonstrated.

*H.J. Inc.*, 492 U.S. at 241–42, 109 S.Ct. at 2901–02 (citations omitted). While disavowing·any one determinative test, the Supreme Court recognized that the threat of continuity can be established where "the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future," or where "the predicate acts or offenses are part of an ongoing entity's regular way of doing business."[7] *H.J. Inc.*, 492 U.S. at 242, 109 S.Ct. at 2902.

■ Thus, Plaintiff must show either (1) that Defendant engaged in a two or more predicate acts over a closed period in the past that demonstrate Defendant's long-term criminal activity, or (2) that Defendant has committed two or more predicate acts that

threaten future criminal conduct. In either scenario, the Court must find that Defendant's actions constitute continuing criminal activity that "amount[s] to or threaten[s] long-term criminal activity." *H.J. Inc.*, 492 U.S. at 243 n. 4, 109 S.Ct. at 2902 n. 4.[8]

■ Additionally, the Court remains mindful that "while two [predicate] acts are necessary, they may not be sufficient." *Jones v. Childers*, 18 F.3d 899, 911 (11th Cir.1994) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496–97, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985)). Here, Plaintiff alleges three predicate acts, but there is no magical number of predicate acts that constitute *per se* a pattern of racketeering activity. Rather, the Court focuses upon the relationship and continuity of the predicate acts. *H.J. Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900–01 (1989). In examining the continuity of the predicate acts alleged by Plaintiff here, the Court finds that the three instances of mail fraud alleged by Plaintiff do not demonstrate either a closed period of repeated conduct amounting to long-term criminal activity or past conduct that by its·nature projects into the future and threatens repetition.

i. *Closed Period of Repeated Conduct Demonstrating Long–Term Criminal Activity*.

Plaintiff has not·alleged enough to show that Defendant engaged in repeated criminal activity during a closed period of time. Plaintiff alleges that over the course of fifteen months Defendant committed three instances of mail fraud by filing applications for two patents without revealing material .prior art,.and by sending an amendment to a

---

7. When using an entity's regular business methods, the Supreme Court in *H.J. Inc.* stated that threat of continuity is shown "where the predicates can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes," or "where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business...." *H.J. Inc.*, 492 U,S. at 242–43, 109 S.Ct. at 2902.

8. In discussing the different instances where continuity could be shown, the Supreme Court emphasized that RICO's focus is upon "long-term criminal activity" and not brief instances of criminal activity that do not "in any way carry a threat of continued criminal activity," as follows:

Insofar as the concurrence seems to suggest, that very short periods of criminal activity that do *not* in any way carry a threat of continued criminal activity constitute 'obvious racketeering' to which Congress intended RICO, with its enhanced penalties, to apply, we have concluded that it is mistaken, and that when Congress said predicates must demonstrate 'continuity' before they may form a RICO pattern, it expressed an intent that RICO reach activities that amount to or threaten long-term criminal activity.

*H.J. Inc.*, 492 U.S. at 243 n. 4, 109 S.Ct at 2902 n. 4 (internal references omitted).

prior application without disclosing the '176 Patent.

■ Here, three statutory violations are alleged, and thus Plaintiff alleges three separate predicate acts.[9] However, numerous cases have held that multiple predicate acts alone are not enough when directed at a single plaintiff.

For example, in *R.E. Davis Chemical Corp. v. Nalco Chemical Co.*, 757 F.Supp. 1499 (N.D.Ill.1990), the district court confronted a scenario factually analogous to the allegations presented in Plaintiff's proposed Amended Complaint. In *R.E. Davis*, the plaintiff brought RICO claims based upon the defendants' alleged theft of the plaintiff's trade secret and the defendants' subsequent attempt to patent the trade secret. *R.E. Davis Chemical Corp. v. Nalco Chemical Co.*, 757 F.Supp. 1499, 1510–11 (N.D.Ill.1990). The defendant moved for dismissal contending that the plaintiff's claims did not demonstrate a pattern of racketeering activity. *Id.* at 1509. In finding that the plaintiff's one-scheme one-victim allegations were not sufficient to find a pattern of racketeering activity, the court stated "[a]lthough plaintiff has alleged multiple acts of racketeering, including mail fraud ... these acts occurred over a relatively short period of time and related to but a single scheme—the alleged attempt to misappropriate plaintiff's trade secret." *R.E. Davis*, 757 F.Supp. at 1519.[10]

Similarly, other courts have found that one-scheme, one-victim schemes, occurring in relatively short time frames do not meet the "pattern of racketeering activity" requirement of RICO. For example, in *Homes By Michelle, Inc. v. Federal Sav. Bank*, 733 F.Supp. 1495, 1501 (N.D.Ga.1990), the dis-

trict court found RICO's "pattern of racketeering activity" was not satisfied where the plaintiff alleged a series of illegal acts that spanned two years, but that were aimed only at the plaintiff. *Homes By Michelle, Inc. v. Federal Sav. Bank*, 733 F.Supp. 1495, 1501, 1502 (N.D.Ga.1990). Likewise, in *Hutchinson v. Wickes Companies, Inc.*, 726 F.Supp. 1315 (N.D.Ga.1989), the court denied the plaintiff's motion to amend, finding that the defendant's single scheme, aimed only at the plaintiff and spanning two years was insufficient to show a pattern of racketeering activity. *Hutchinson v. Wickes Companies, Inc.*, 726 F.Supp. 1315, 1320–21 (N.D.Ga.1989).

This is not to say that one-scheme, one-victim scenarios are never sufficient to show the necessary pattern of racketeering activity. Indeed, the Supreme Court in *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989), and the Eleventh Circuit in *Bank of America National Trust & Savings Assn. v. Touche Ross & Co.*, 782 F.2d 966 (11th Cir.1986) expressly rejected any *per se* rule that a pattern of racketeering activity cannot be shown based upon a single scheme and a single victim. *H.J. Inc.*, 492 U.S. at 236–37, 109 S.Ct. at 2899–2900; *Touche Ross*, 782 F.2d at 971. However, the Court's focus remains upon whether Plaintiff has pleaded facts that demonstrate either the commission of a "series of related predicates over a substantial period of time" or "past conduct that by its nature projects into the future with a threat of repetition." *See H.J. Inc.*, 492 U.S. at 241–42, 109 S.Ct. at 2902. The Court finds that the three predicate acts that Defendant allegedly committed during a fifteen month period of time are not, as currently pleaded in Plaintiff's proposed Amend-

---

9. All that is necessary to find a predicate act is a statutory violation. *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1397 (11th Cir. 1994). The law of this circuit permits "acts that are part of the same scheme or transaction [to] qualify as distinct predicate acts, as long as each act constitutes a separate violation of the state or federal statute governing the conduct in question." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1397 (11th Cir.1994) (citations omitted) (punctuation omitted). However, again, "sporadic activity" is not enough to establish a pattern. *See H.J. Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900–2901.

10. While not stated expressly in *R.E. Davis*, its appears from the published decision that the "relatively short period of time" referred to by the court was over two years in duration. *See R.E. Davis*, 757 F.Supp. 1499, 1506 (N.D.Ill. 1990). As discerned by the *R.E. Davis* Court, the alleged predicate acts included mail fraud, wire fraud, and the transportation of stolen property in interstate commerce. *Id.* at 1518. These predicate acts began as early as 1986 and continued through, at least, March, 1988. *Id.* at 1506.

ed Complaint, long-term criminal activity occurring in a closed time period so as to constitute a pattern of criminal activity.[11]

### ii. *Threat of Continuity*

■ Nor does Plaintiff demonstrate continuity by alleging that the predicate acts committed by Defendant pose a threat of continuing into the future. Again, a threat of continuity may be shown (1) by alleging that the nature of the predicate acts committed by Defendant pose a threat of continuing into the future, or (2) by alleging that the predicate acts are Defendant's regular way of doing business. *H.J. Inc.*, 492 U.S. at 242, 109 S.Ct. at 2902. Plaintiff has not alleged facts that demonstrate a threat of repetition in the future. Plaintiff's allegations relate to a discrete scheme by Defendant to misappropriate the property protected by Plaintiff's '167 Patent. Plaintiff does not allege that Defendant's conduct will be repeated in the future.

Similarly Plaintiff does not aver that Defendant's allegedly fraudulent conduct is "a regular way of conducting defendant's ongoing legitimate business ... or of conducting or participating in an ongoing and legitimate RICO 'enterprise.'" *See H.J. Inc.*, 492

U.S. at 243, 109 S.Ct. at 2902. Simply put, Plaintiff does not allege that Defendant has treated other individuals or entities in the same illegal manner alleged by Plaintiff. In sum, Plaintiff's allegations regarding the three acts of mail fraud over a fifteen month period are not, under the specific facts pleaded by Plaintiff in its proposed Amended Complaint, the "long-term criminal activity" contemplated by the Supreme Court and the Eleventh Circuit in interpreting "continuity." *See, e.g., H.J. Inc.*, 492 U.S. at 243 n. 4., 109 S.Ct. at 2902 n. 4; *Aldridge v. Lily–Tulip, Inc.*, 953 F.2d 587, 593 (11th Cir.1992).

### 2. *Count Four of Plaintiff's Complaint Fails to Allege an Enterprise as Defined by RICO*

■ Plaintiff's allegations in Count Four of the Complaint also do not meet the necessary "enterprise" element of RICO.[12] Under Section 1962(b), Plaintiff has to allege that Defendant "acquire[d] or maintain[ed] ... any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce, 18 U.S.C. § 1962(b), and that Defendant "conduct[ed] or participate[d] ... in the conduct of such enterprise's affairs through a pattern of racketeering activity ...." 18 U.S.C. § 1962(c). For purposes of RICO, an enter-

---

**11.** Plaintiff contends that the scheme alleged in its proposed Amended Complaint is not a one-victim scheme since the PTO, the public, and "any legal entities which are operating under the Barrett '176 patent and are now being precluded from patent protection due to the issuance and commercial exploitation of the obtained Defendant's patents." *See* Plaintiff's Reply in Support of Motion for Leave to Amend [41–1], 6. Plaintiff cites no authority for its proposition that such widespread and tangential entities can be victims for RICO purposes. The closest Plaintiff comes to providing legal authority for its contention is a footnote in *R.E. Davis.* In footnote nine, the *R.E. Davis* Court states that "[a]lthough [the PTO] is identified in the complaint as a victim of the defendants' alleged scheme," the plaintiff does not rely upon this allegation to oppose the defendants' motion to dismiss. *R.E. Davis Chemical Corp. v. Nalco Chemical Co.*, 757 F.Supp. 1499, 1508 n. 9 (N.D.Ill.1990). The court in *R.E. Davis* does not state that the PTO can provide a civil RICO plaintiff with additional victims to emphasize the egregious nature of whatever violations are alleged; the court simply does not address the issue, at all. Moreover, the court in *R.E. Davis* does not address whether the public or other companies can be victims, in a civil RICO action, simply from indirect injury suffered from an invalid patent.

Even if the public is harmed by any fraud committed upon the government, such generalized injury does not transform Plaintiff's allegations of a one-victim scheme into a plot to harm the public in general. This Court finds that the allegations brought by Plaintiff are best characterized as a limited scheme to defraud Plaintiff of certain photography technology.

**12.** Plaintiff replies to this portion of Defendant's argument by stating the a corporation can satisfy both the "person" and the "enterprise" requirement of RICO. Plaintiff's statement is an accurate recitation of current Eleventh Circuit law as it pertains to Section 1962(c). *See United States v. Hartley*, 678 F.2d 961, 988–89 (11th Cir.1982) ("[a] corporation may be simultaneously both a defendant and the enterprise under RICO"); *see also Georgia Gulf Corp v. Ward*, 701 F.Supp. 1556, 1560 (N.D.Ga.1987); *but see, Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir. 1991) (under Section 1962(c) "same entity cannot do double duty as both the RICO defendant and the RICO enterprise"). Defendant, however, does not attack the sufficiency of Count Four of Plaintiff's proposed Amended Complaint on the above grounds. Rather, Defendant challenges Plaintiff's attempt to plead two patents as the enterprise. (*See* Proposed Amended Complaint, ¶ 51).

prise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

In its proposed Amended Complaint, Plaintiff alleges that Defendant is a "an 'enterprise' within the meaning of 18 U.S.C. § 1961(4) and 1962(b)....." Complaint, ¶ 50. In the next paragraph, however, Plaintiff avers that "Defendant through a pattern of racketeering activity did directly acquire ownership in two patents, namely the '808 and '008 patents, for itself for its PhotoMagic II camera which affects interstate commerce...." Complaint, ¶ 51.

Thus, Plaintiff alleges, in effect, two different enterprises. In paragraph fifty, Plaintiff alleges that Defendant is the enterprise, but in paragraph fifty-one Plaintiff alleges that the '808 patent and the '008 patent constitute the enterprise. Faced with this contradiction, the Court finds that paragraph fifty is merely a conclusory statement without any accompanying facts, while paragraph fifty-one alleges the facts that form the basis for Count Four of Plaintiff's Amended Complaint. Therefore, the Court will consider paragraph fifty-one to be the allegations upon which Plaintiff seeks to proceed. However, as defined by RICO, "enterprise" does not include inanimate objects such as the proprietary interest in a technology represented by a patent. 18 U.S.C. § 1961(4). The '808 and '008 patent cannot be an enterprise within the meaning of RICO. Plaintiff fails to allege an essential element of its claim under Section 1962(b), and thus, Count Four of Plaintiff's Amended Complaint fails to state a claim.[13]

3. *Summary of Plaintiff's RICO Claims*

In sum, the Court's analysis of Defendant's substantive objections reveals that Counts Four and Five of Plaintiff's proposed amended Complaint are subject to dismissal for failure to state a claim. Plaintiff has not alleged sufficiently that Defendant engaged in a pattern of racketeering activity, an essential element of both of Plaintiff's RICO claims. Additionally, Count Four of Plaintiff's Complaint fails to allege a viable entity as the enterprise, another essential element of RICO. Therefore, the Court denies Plaintiff's Motion for Leave to Amend the Complaint pursuant to FRCP 15(a) as futile.

## II. *CONCLUSION*

Plaintiff's Motion for Leave to Amend the Complaint [26–1] is **DENIED,** both as untimely filed, and, alternatively, as futile.

**SO ORDERED.**

---

13. The Court recognizes the Complaint is to be read in the light most favorable to Plaintiff. Plaintiff is not, however, an unrepresented party proceeding *pro se.* In Count Four, Plaintiff asserts that Defendant is an enterprise without providing any factual context for such an allegation. One paragraph later, Plaintiff explains, in factual terms, its rendition of the RICO violation, and alleges that the two patents comprise the RICO enterprise. Plaintiff cannot have it both ways. The Court finds that when faced with a paragraph containing a bald legal assertion and a paragraph with specific factual allegations, the paragraph with the factual allegations are the better measure of whether Plaintiff has stated a claim upon which relief can be granted.