REQUESTED BY: Roberta S. Stick, Executive Director, Nebraska Equal Opportunity Commission
You have asked our opinion regarding whether the NEOC is required by Nebraska law to take charges from persons who believe they have been sexually harassed by others of the same sex.
The Commission is required to take cases, as defined in Neb. Rev. Stat. § 48-1118, in which the employer is alleged to have engaged in an "unlawful employment practice." Under Title VII, it is an unlawful employment practice for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . sex."42 U.S.C. § 2000e-2(1)(a).
We conclude that, under certain circumstances, a same-sex harassment claim is cognizable under Title VII and the NEOC would be required to take the case.
The Supreme Court recognized that the prohibition against discrimination included the protection against "discriminatory sexual harassment" in Meritor Sav. Bank, FSB v.Vinson, 477 U.S. 57, 64-66 (1986). The Court explained: "when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor `discriminate[s]' on the basis of sex." Id. at 64. The Supreme Court has not specifically addressed a same sex harassment claim, but as the gender-neutral definition demonstrates, there is nothing in theMeritor Court's reasoning to limit "hostile environment" sexual harassment to heterosexual harassment.
 [T]he language used by the [Meritor] Court in defining sexual harassment as discrimination based on sex was not limited to opposite sex situations. Sexual harassment of a subordinate by a homosexual supervisor of the same sex is an adverse employment action that the subordinate would not have faced but for his or her sex.
EEOC v. Walden Book Co., 885 F. Supp. 1101, 1102 (M.D. Tenn. 1995) (finding that same-sex sexual harassment is actionable under Title VII).
Further, the Equal Opportunity Commission (EEOC) Compliance Manual unequivocally states that Title VII protects employees from same sex discrimination.
 The victim does not have to be of the opposite sex from the harasser. Since sexual harassment is a form of sex discrimination, the crucial inquiry is whether the harasser treats a member or members of one sex differently from members of the other sex. The victim and harasser may be of the same sex where, for instance, the sexual harassment is based on the victim's sex (not on the victim's sexual preference) and the harasser does not treat employees of the opposite sex the same way.
EEOC Compliance Manual, Sec. 615.2 (1981).
Though the courts are not bound by the EEOC interpretation, it is appropriate to consider the EEOC's view, as the agency charged with enforcing federal anti-discrimination laws. Several district courts throughout the country have found the EEOC's interpretation of Title VII to be persuasive. SeeEcklund v. Fuisz Technology, Ltd., 905 F. Supp. 335
(E.D. Va. 1995); Raney v. District of Columbia,892 F. Supp. 283 (D.D.C. 1995); Nogueras v. University of PuertoRico, 890 F. Supp. 60 (D. Puerto Rico 1995); Griffithv. Keystone Steel and Wire, 887 F. Supp. 1133 (C.D. Ill. 1995); McCoy v. Johnson Controls World Services,878 F. Supp. 229 (S.D. Ga. 1995); Prescott v. Independent Lifeand Acc. Ins. Co., 878 F. Supp. 1545 (M.D. Ala. 1995);Polly v. Houston Lighting Power Co.,825 F. Supp. 135 (S.D. Tex. 1993); Joyner v. AAA CooperTransportation, 597 F. Supp. 537 (D.C. Ala. 1983);Wright v. Methodist Youth Services, Inc.,511 F. Supp. 307 (N.D. Ill. 1981).
The focus of the Title VII claim is whether an employee was discriminated against "because of" his or her status as a female or male, and the harasser's gender is not relevant to such an inquiry.
 [S]ince the language of Title VII prohibits sex discrimination based solely on the employee's gender without consideration of the gender of the person effecting the discrimination, because of the holding in Meritor the Act must be construed also to prohibit sexual harassment against an employee because of that employee's gender, regardless of the harasser's gender.
Hopkins v. Baltimore Gas Electric Co., 77 F.3d 745,752 (4th Cir. 1996). In Hopkins, the most recent Federal Court decision on the issue, the Court recognized that same-sex harassment may be actionable under Title VII. However, the plaintiff in Hopkins failed to show that the alleged harassment was "sufficiently severe or pervasive" to create a hostile work environment directed at the plaintiff because of his sex. Id. at 753. The Court noted that Title VII "does not attempt `to purge the workplace of vulgarity.'" Id. (citing Baskerville v.Culligan Int'l Co., 50 F.3d 428, 430 (7th Cir. 1995)).
Title VII also does not reach discrimination based on the employee's prudery, or sexual shyness. McWilliams v.Fairfax County Bd. of Supervisors, 72 F.3d 1191,1196 (4th Cir. 1996). Nor does Title VII prohibit discrimination against a homosexual employee. See Williamson v.A.G. Edwards Sons, 876 F.2d 69 (8th Cir. 1989).
The Fifth Circuit is the only appellate court to refuse to recognize a claim under Title VII for same sex harassment.Garcia v. Elf Atochem North America, 28 F.3d 446 (5th Cir. 1994). Plagued with other problems, such as the fact that the defendants were not held to be "employers," the Court only addressed the Title VII claim briefly. Citing to an unpublished opinion, and without any other authority, the Court held that since "Title VII addresses gender discrimination," a claim that alleged "harassment by a male supervisor against a male subordinate does not state a claim even though the harassment has sexual overtones." Id. at 451-52 (quotations and citation omitted). This case overlooks the possibility of homosexual harassment, and can be distinguished from the cases of unwelcome homosexual advances by a supervisor.
One case often cited for refusing to recognize a Title VII same-sex harassment claim is Goluszek v. Smith,697 F. Supp. 1452 (N.D. Ill. 1988). In Goluszek, the plaintiff was described as "abnormally sensitive to comments pertaining to sex" and his co-workers teased him and subjected him to lewd discussions about women. Id. at 1456. The distinguishing characteristic in Goluszek is that the plaintiff was harassed because of his sexual sensitivity, not because of his gender, and such sensitivity is not protected under Title VII. McWilliams, 72 F.3d at 1196. The Court said that the plaintiff may have been harassed "because of" his gender, only because a female in a similar situation would clearly be in an anti-female environment, but the plaintiff was not subject to an anti-male environment.Goluszek 697 F. Supp. at 1456. Further, vulgarity is not prohibited under Title VII. Hopkins,77 F.3d at 753.
While there is no current Eighth Circuit precedent on same-sex harassment claims, the Seventh Circuit has at least commented on how it might determine such a case, stating:
 Sexual harassment of women by men is the most common kind, but we do not mean to exclude the possibility that sexual harassment of men by women, or men by other men, or women by other women would not also be actionable in appropriate cases.
Baskerville v. Culligan Int'l Co., 50 F.3d 428, 430
(7th Cir. 1995). Absent a binding Eighth Circuit or U.S. Supreme Court decision holding to the contrary, we should follow the plain language of Title VII (recognizing its lack of a cross-gender requirement), the EEOC guidelines, and the better-reasoned cases finding same-sex harassment claims cognizable under Title VII.
Sincerely,
 DON STENBERG Attorney General
 Alfonza Whitaker Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General