[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13146

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-22819-CV-PCH

SONIA CHAUDHRY,

Plaintiff-Appellant,

versus

NEIGHBORHOOD HEALTH PARTNERSHIP, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 26, 2006)**

Before ANDERSON, FAY and SILER*, Circuit Judges.

PER CURIAM:

_____

*Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by
designation.

Sonia Chaudhry appeals the dismissal of her claims under the Employee Retirement Income Security Act of 1974 (ERISA) and the Americans with Disabilities Act (ADA).

Chaudhry is a dependent on her mother's ERISA health benefit plan which is administered by Neighborhood Health Partnership, Inc., an HMO. Chaudhry suffers from Kartagener's Syndrome. This disease requires her to undergo daily chest physiotherapy treatments to prevent mucus build up in her lungs. The language of Chaudhry's plan that covered 2000 through 2002 limited plan members to sixty visits for physical, occupational and speech therapy. Neighborhood interpreted this language to include Chaudhry's chest physiotherapy treatments and advised her after sixty treatments that her benefits were exhausted.

Chaudhry sought review of Neighborhood's decision from the Florida Statewide Provider and Subscriber Assistance Panel. The panel determined that chest physiotherapy treatments were not included in the sixty visit limitation, and thus Neighborhood had improperly discontinued treatments. The Agency for Health Care Administration adopted the panel's findings and recommendation. In compliance, Neighborhood provided Chaudhry with the daily chest therapy treatments.

In December 2003 Neighborhood amended its plan to include the chest

therapy treatments within the sixty visit limitation provision.  The amended plan

stated that the following services were excluded:

> Long term physical (including without limitation chest
> physiotherapy), respiratory, occupational, cardiac or speech therapy
> (i.e., services in excess of 60 visits from the first date Member
> receives such services).

The amendment was to take effect in particular plans as they came up for renewal.

On June 1, 2004, Chaudhry's plan came up for renewal and was renewed.  After

the start of the new plan, Neighborhood provided Chaudhry with sixty chest

physical therapy treatments and then notified her that no further treatments were

available.  Chaudhry's claims are based on that limitation under the 2004 plan.

Chaudhry filed a complaint in state court.  Neighborhood removed the case

on the grounds that it was completely preempted by ERISA.  Chaudhry then filed a

motion to remand which was denied, and the complaint was dismissed.  Chaudhry

filed an amended complaint seeking injunctive relief and damages under ERISA

and the ADA.  The district court granted Neighborhood's motion to dismiss the

amended complaint for failure to state a claim upon which relief could be granted.

We review de novo a district court's order dismissing a complaint for failure

to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000).  Dismissal

is proper  "only if it is clear that no relief could be granted under any set of facts

3

that could be proved consistent with the allegations." Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994). We must accept the plaintiff's allegations as true. Id.

## I.

The question presented for our review is whether Neighborhood had a right to amend Chaudhry's plan. Because ERISA does not provide any substantive rights to health or welfare benefits, the Supreme Court has stated that plan sponsors "are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 78, 115 S. Ct. 1223, 1228 (1995). A plan sponsor does not act in a fiduciary capacity when it amends a welfare benefits plan. See id. Therefore, a plan sponsor's decision to amend a plan in a way that deprives participants of benefits does not give rise to a cognizable claim under ERISA. Id. "[T]he only cognizable claim is that the company did not do so in a permissible manner." Id. Chaudhry does not claim that there was any defect in the procedures used to amend the plan; therefore, the dismissal of her ERISA complaint was proper. See id.

Chaudhry contends that we should review her claim under a heightened form of arbitrary and capricious review because Neighborhood had a conflict of interest when it amended the plan to limit her chest physiotherapy treatments. She argues

that under a heightened standard of review we should look to Neighborhood's motive in amending the plan. She argues that under the Supreme Court's decision in Pegram v. Herdrich any actions taken by an HMO, which pays claims out of its own assets, must be reviewed with a heightened standard of scrutiny. See Pegram v. Herdrich, 530 U.S. 211, 120 S. Ct. 2143 (2000). Pegram involved a claim for breach of fiduciary duty. The Court noted that in evaluating claims based on breach of a fiduciary duty, the threshold question is whether the actor was acting as a fiduciary (performing a fiduciary function) with respect to the challenged action. Id. at 226, 120 S. Ct. 2143. Although Neighborhood as the plan administrator is a fiduciary with respect to some decisions, it was not acting in a fiduciary capacity in amending the plan. See Curtiss-Wright, 514 U.S. at 78, 115 S. Ct. at 1228.

This court's decision in Brown v. Blue Cross & Blue Shield of Alabama, Inc., 898 F.2d 1556 (11th Cir. 1990) also does not help Chaudhry establish a claim. In Brown we determined that a heightened standard of review applies to insurance companies that pay out to beneficiaries from their own assets because of the "perpetual conflict" between the fiduciary role of an insurance company and its profit-making role as a business. Id. at 1561–62. The court held that the arbitrary and capricious standard of review applied to the insurance company's actions but the application of the standard would be "shaped by the circumstances of the

5

inherent conflict of interest." Id. at 1563.

Chaudhry argues that since Neighborhood pays out to beneficiaries from its own assets it should be subject to Brown's heightened standard of review. Once again, Chaudhry's argument ignores the fact that in making the amendment to the plan Neighborhood was not acting as a fiduciary and, for that reason, Brown does not apply.

**II.**

We turn to the question of whether Neighborhood's amendment to the plan violated the ADA. Chaudhry contends that the amendment discriminates against her because of her disability. She argues that the amendment results in disparate treatment of plan participants with chronic lung diseases and has a disparate impact on her because she is the only plan beneficiary that has a chronic lung disease and is affected by the amendment.

According to the EEOC, a disability-based distinction occurs when a plan "singles out a particular disability (e.g., deafness, AIDS, schizophrenia), a discrete group of disabilities (e.g., cancers, muscular dystrophies, kidney diseases), or disability in general" for lesser benefits. EEOC's Interim Enforcement Guidance on the Application of the ADA to Disability-Based Distinctions in Employer-Provided Health Insurance, presently available at

6

http://www.eeoc.gov/policy/guidance.html (last modified June 8, 1993).

"Insurance distinctions that are not based on disability and that are applied equally to all insured employees, do not discriminate on the basis of disability and do not violate the ADA."  Id.

Neighborhood's amended plan does not discriminate against Chaudhry because of her disability.  The plan limits all beneficiaries who need physical therapy, chest physiotherapy and similar procedures to sixty visits, regardless of the disease or disorder from which they suffer, and regardless of whether or not they are disabled.  The amendment merely clarifies that chest physiotherapy falls within the plan's definition of physical therapy, and in that way ends discrimination in favor of those who need that form of physical therapy.  Chaudhry is not treated differently from any other beneficiary who might need recurring physical therapy or similar therapy, regardless of the underlying illness or condition.  See Henderson v. Bodine Aluminum, Inc., 70 F.3d 958, 960 (8th Cir. 1995) (noting that it arguably violates the ADA to deny a treatment that is effective if the plan provides the treatment for other, comparable conditions).  Chaudhry cites no authority to support her theory that Neighborhood's denial of a particular type of treatment, or limitation on treatments, to all plan beneficiaries discriminates against her on the basis of her disability.  Therefore, Chaudhry has failed to state a

7

claim under the ADA.

**AFFIRMED.**